**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD P. MROCZKA, | DOCKET NUMBER |
| Appellant, | SF-0752-22-0608-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: June 9, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paige Chretien, Esquire, San Diego, California, for the appellant.

Richard Ruppe, Esquire, and Eva Lautemann, Esquire, San Diego, California, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal from service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the second specification underlying the agency's lone charge and the penalty, we AFFIRM the initial decision.

On petition for review, the appellant reasserts that the agency committed due process violations or harmful procedural errors regarding the deciding official's consideration of his response to the proposed removal and aggravating factors to his penalty determination. Petition for Review (PFR) File, Tab 1 at 7-10. He also reasserts that he did not engage in the misconduct underlying the agency's removal action. *Id.* at 10-14. The appellant lastly argues that the agency did not prove the requisite nexus or reasonableness of its penalty. *Id.* at 14-17.

We find that only one of these arguments requires further analysis. The agency's lone charge, inappropriate conduct, consisted of two specifications. Initial Appeal File (IAF), Tab 4 at 129-32. In short, they described two separate instances of the appellant interacting with two different coworkers in ways that were unwelcome and caused those coworkers concern, discomfort, or fear. *Id.* The administrative judge found that the agency proved both specifications, though he indicated that the second was a closer call. IAF, Tab 51, Initial Decision (ID) at 16-48.

Most relevant to our discussion, the second specification alleged that the appellant was socializing with a coworker in February 2019, when he "made unwelcome suggestive or insulting comments and unwanted physical contact towards her, which caused her concern and made her uncomfortable." IAF, Tab 4 at 129. In a subsequent portion of the proposal, the agency elaborated. *Id.* at 130. It described how this coworker came to the appellant's home, how they went out to eat, and how they then walked appellant's dog on the beach, at which point the appellant began to verbally harass her, tried to kiss her, tried to prevent her from pulling away, then commented that she lets everyone else flirt with her and questioned why she would not let the appellant kiss her. *Id.*

For this specification, the administrative judge considered, inter alia, the complainant's testimony about what happened, ID at 27-28, the appellant's testimony, ID at 29-30, text and Facebook messages between them, ID at 30-34, evidence collected during the agency's investigation of the matter, ID at 34-38, and deposition transcripts, ID at 38-41. The administrative judge recognized inconsistencies, discrepancies, and disputes throughout this evidence before finding that the specification was proven. ID at 41-48.

Notably, one of the disputes surrounding this second specification involved the question of who paid for the parties' meal. While the complainant indicated that she paid, because the appellant had left his wallet at home, and that this was why she also gave the appellant a ride home after he had already engaged in inappropriate conduct towards her, the appellant disagreed. ID at 28-29, 47. He insisted that he paid for their meal and that credit card statements proved as much. ID at 29-30; IAF, Tab 39 at 4. The administrative judge found the credit card statement unhelpful because the transaction was dated 2 days after the date in question. ID at 47.

On review, the appellant once again disputes the complainant's version of events, in large part because of this question about who paid for their meal. He

argues that the administrative judge misinterpreted his credit card statement. PFR File, Tab 1 at 12-13. On this discrete point, we agree with the appellant.

The appellant's credit card statement lists a $51.72 charge for the restaurant. IAF, Tab 39 at 4. The "date" listed for the charge is May 28, 2019. However, the description of the charge includes "0526 Aroma Thai Restaurant." *Id.* The administrative judge seems to have overlooked this description. In context, it is most likely that the "0526" is a reference to the date the charge was incurred, while the "05/28/19" in the "Date" field is a reference to the date on which the charge posted to the appellant's account.

We modify the initial decision to supplement the administrative judge's analysis and correct this error. Nevertheless, we do not find that this changes the outcome of this appeal. The administrative judge noted several ways in which this complainant's version of events was at times confusing and inconsistent. ID at 44-47. For example, he discussed how she gave conflicting explanations about why she went to the appellant's house, whether they hugged when she arrived, and when the appellant's inappropriate conduct began on the date in question. *Id.* However, for the most part, the administrative judge attributed these inconsistencies to faded memories. *Id.* For another inconsistency about whether she had been drinking before she arrived, he found that the complainant had likely lied to the appellant on the night in question when she indicated that she had been drinking. ID at 46. Ultimately, the administrative judge found that there was insufficient proof that the appellant repeatedly touched or tried to kiss the complainant, but that there was preponderant evidence that he kissed her once against her wishes and told her that she disrespected herself. ID at 47-48. The discrepancy about who paid for their dinner and the administrative judge's misinterpretation of the appellant's credit card statement regarding the same does not persuade us otherwise.

In the alternative, we modify the initial decision to note that the deciding official stated in his decision letter that either specification would have supported

the removal action on their own. IAF, Tab 4 at 21. Based upon this and the remainder of his penalty analysis, we find that removal would be reasonable and appropriate even if the agency's second specification were not proven. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (observing that when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge); *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶ 11 (2008) (recognizing that, if the Board sustains the agency's charges, but not all of the specifications of those charges, it will review the agency-imposed penalty to determine whether it is within the parameters of reasonableness); *Suarez v. Department of Housing and Urban Development*, 96 M.S.P.R. 213, ¶ 47 (2004) (stating that, where all of the agency's charges are sustained, but not all of the underlying specifications are sustained, the agency's penalty determination is entitled to deference and should be reviewed to determine whether it is within the parameters of reasonableness), *aff'd*, 125 F. App'x 1010 (Fed. Cir. 2005),

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.